WEBSTER & a. v. FARNUM & Trs. and Claimant.

A married woman is not estopped to claim the proceeds of timber sold from her separate estate by her husband acting as her agent, attached by trustee process as her husband's property, when neither she nor her husband has been guilty of any actual or intentional fraud or misrepresentation.

FOREIGN ATTACHMENT. Issue between the plaintiffs and the claimant. Reported *ante* 288. Facts found by a referee. The claimant is the defendant's wife, and they live together on a farm owned by the claimant, which the defendant manages as her agent. In 1876 the claimant purchased a tract of wood and timber land lying near her farm, paying a part of the price with money bequeathed to her, and securing the balance by her note and a mortgage upon the premises, and taking the conveyance to her separate use, free from the control or interference of her husband. For the purpose of raising funds to pay off the mortgage, the defendant, acting as agent for the claimant, sold wood and timber from the lot to various parties, and among others sold and shipped to the trustees timber, for which they are now indebted in the sum of $100. When the purchase was made and the timber delivered, the trustees did not understand that it belonged to the claimant, but the defendant made no claim that he owned it. The plaintiffs in good faith procured their writ, and caused it to be served on the trustees, in ignorance of any claim or ownership of the claimant. The defendant is and for some years has been insolvent, and at no time has had any pecuniary interest in the land or timber, both being the exclusive property of the claimant. There was no actual fraud by either the defendant or the claimant, nor was any intended by either of them in the transactions, and there was no evidence that the plaintiffs derived their knowledge of the indebtedness of the trustees from either the defendant or the claimant.

The plaintiffs, upon the foregoing facts, insisted that the claimant was estopped to claim the money in the hands of the trustees as against them. The referee ruled otherwise, and found that the claimant was entitled to the funds in the hands of the trustees. The court ordered judgment on the report for the claimant, and the plaintiffs excepted.

*Gould, Davis,* and *Sanborn & Clark,* for the plaintiffs.

*John Y. Mugridge,* for the claimant.

CLARK, J. Unaided by brief or argument from the plaintiffs' counsel, we are unable to discover any error of law in this case. *Horn* v. *Cole,* 51 N. H. 287; *Stevens* v. *Dennett, ib.* 324, 333.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.